[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS FILED BY
CT Page 9810 DEFENDANTS CHAPMAN AND IDA
The plaintiff, Louise Elaine Kizis, filed a five count complaint against the defendants, Morse Diesel International, Inc., Manafort Brothers, Inc., Waterford Hotel Group, Inc., Christopher Ida and Frank Chapman. The relevant counts to this motion to dismiss are count four and five against Chapman and Ida, respectively. The plaintiff alleges that she fell and injured herself while on the premises of Mohegan Sun Casino and the injuries were caused by the negligence of the defendants. Chapman was the director of facilities operations and was employed by the Mohegan Tribal Gaming Authority. Ida was employed as a building official for the Mohegan Tribe. Count four alleges that Chapman was negligent and careless in maintaining the entranceway to the summer entrance to the Mohegan Sun Casino. Count five alleges that Ida was negligent and careless in maintaining the entranceway to the summer entrance to the Mohegan Sun Casino.
Chapman and Ida move to dismiss the counts of the plaintiff's complaint addressed to them on the ground of tribal sovereign immunity. The plaintiff objects, arguing that tribal sovereign immunity does not extend to the individual defendants and that only a tribe can assert tribal sovereign immunity.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v.Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal DepositIns. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321
(1996).
Chapman and Ida move to dismiss the complaint against them, arguing that the tribe has not waived its sovereign immunity to a suit by this plaintiff and that the doctrine of tribal sovereign immunity extends to officials and employees of the Tribe for actions taken within the scope CT Page 9811 of their office or employment. Chapman and Ida argue that they are immune since there is no allegation that they acted outside their authority.
The plaintiff objects, arguing that individual tribal members cannot assert tribal sovereign immunity. The plaintiff also argues that, if the court determines that tribal sovereign immunity does attach to individual tribal members, discovery is needed in order to ascertain whether Chapman and Ida are members of the Mohegan tribe.
"Tribal immunity is just that: sovereign immunity which attaches to a tribe because of its status as a dependant domestic nation. United Statesv. James, 980 F.2d 1314, 1319 (9th Cir. 1992), cert. denied, 510 U.S. 838,114 S.Ct. 119, 126 L.Ed.2d 84 (1993). . . ." (Citation omitted; internal quotation marks omitted.) State v. Sebastian, 243 Conn. 115, 160,701 A.2d 13, cert. denied, 118 S.Ct. 856, 139 L.Ed.2d 756 (1997). "Indeed, it is well established that tribal sovereign immunity does not extend to individual members of a tribe, and instead must be asserted by the tribe itself. See Puyallup Tribe, Inc. v. Dept. of Game, 433 U.S. 165,173, 97 S.Ct. 2616, 53 L.Ed.2d 667 (1977) (`the successful assertion of tribal sovereign immunity in this case does not impair the authority of the state court to adjudicate the rights of the individual defendants [who are tribal members] over whom it properly obtained personal jurisdiction'); United States v. James, supra, 980 F.2d 1319 (member of tribe cannot invoke tribal sovereign immunity even though tribe can do so)." State v. Sebastian, supra, 243 Conn. 161-62. Thus, the plaintiff is correct in her argument that individual tribal members cannot assert the tribe's immunity.[1]
The defendants cite, however, to Romanella v. Hayward, 933 F. Sup. 163
(D.Conn. 1996), aff'd on other grounds, 114 F.3d 15 (2d Cir. 1997),[2]
for their argument that tribal sovereign immunity applies to bar claims against "officials and employees for actions taken within the scope of their office or employment." (Defendants' Motion to Dismiss, p. 2.) That case stands for the proposition that "[t]he doctrine of tribal immunity extends to individual tribal officials acting in their representativecapacity and within the scope of their authority." (Emphasis added; internal quotation marks omitted.) Id., 167. Thus, it follows that tribal officials are not entitled to immunity when they are alleged to be acting outside of the authority vested in them, for example, when their actions are illegal or unconstitutional or are taken pursuant to a law that is challenged as such; see, e.g., Santa Clara Pueblo v. Martimez, 436 U.S. 49,59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978) (where court ruled that "[a]s an officer of the [tribe, the governor] is not protected by the tribe's immunity" in suit challenging legality of tribal ordinance); BurlingtonNorthern R. Co. v. Blackfeet Tribe, 924 F.2d 899, 901 (9th Cir. 1991) (held, in action against tribe, tribal governing bodies and individual CT Page 9812 tribal officials, including chairman, vice-chairman, secretary and treasurer, challenging their power to tax railroads, that "sovereign immunity does not extend to officials acting pursuant to an allegedly unconstitutional statute"); Tenneco Oil Co. v. Sac Fox Tribe ofIndians, 725 F.2d 572 (10th Cir. 1984) (named tribal officials, members of tribe's Business Committee, not immune from suit claiming officials acted outside scope of authority pursuant to allegedly unconstitutional, invalid or illegal tribal ordinance); Buchanan v. Sokaogon ChippewaTribe, 40 F. Sup.2d 1043, 1048 (E.D.Wis. 1999) (in suit against tribe, tribal council and individual members of council, including chairman and vice-chairman, alleging mismanagement of housing authority in violation of state and federal law, "[s]overeign immunity does not . . . bar . . . relief against individual tribal officers who allegedly acted outside the scope of their authority"); or when tribal officials are not acting in their capacity as representatives of tribal government. See, e.g.,Puyallup Tribe, Inc. v. Dept. of Game, supra, 433 U.S. 171-72 (individual tribal members, despite fact some were tribal officers, fishing in violation of state law not entitled to immunity).
The court is not persuaded that the doctrine of sovereign immunity relating to tribal officials applies to the facts of the present case. The court in Romanella v. Hayward, supra, 933 F. Sup. 163, taking the factual allegations of the complaint as true, found that the plaintiff had specifically alleged that the defendants were tribal officers and that the claims against them related "to duties arising from their positions as tribal officials." Id., 168. Therefore, the court determined that the "action against the tribal officers is a suit against the tribe. As such, the [tribal officers'] immunity from suit is coextensive with the Tribe's immunity from suit." Id., 167. In the present case, the plaintiff does not purport to claim that either Chapman or Ida were tribalofficials acting in their capacity as representatives of the tribal government when they allegedly engaged in the negligent conduct which is the subject of this action. Rather, the plaintiff's allegations at most establish that Chapman and Ida are employees of the Mohegan Tribe or Mohegan Sun Gaming Authority who were acting within the scope of their employment duties at the time of the alleged negligence. Neither party offers any affidavits submitting additional "facts not apparent on the record" in accordance with Practice Book § 10-31.
The defendants apparently view the sovereign immunity bestowed upon tribal officials as equally applicable to tribal employees. The court, however, is not persuaded that tribal sovereign immunity extends to employees acting in a nongovernmental capacity as opposed to officials acting in their capacity as representatives of tribal government. The court has carefully examined the numerous cases cited by the defendants and finds that the facts of each clearly reveal application of tribal CT Page 9813 official immunity in circumstances where the actions of an official of the tribe who is acting in his or her capacity as a representative of tribal government, such as in enacting, enforcing or acting pursuant to tribal law or authority derived therefrom, are challenged. See, e.g.,Weeks Construction, Inc. v. Oglala Sioux Housing Authority,797 F.2d 668, 670-71 (8th Cir. 1986) (in suit against tribal housing authority created by tribal council pursuant to tribal ordinance, court notes, absent waiver, "[a]s an arm of tribal government, a tribal housing authority possesses attributes of tribal sovereignty" and therefore suits against it barred by tribe's immunity); Hardin v. White Mountain ApacheTribe, 779 F.2d 476 (9th Cir. 1985) (in suit challenging tribal police's forcible removable of plaintiff from reservation pursuant to valid tribal ordinance, immunity bars suit against tribe, tribal court, tribal council and individual officials who acted within scope of authority); Bottomly v. Passamaquoddy Tribe, 599 F.2d 1061, 1067 (1st
Cir. 1979) (affirming district court's dismissal of action against tribe and three tribal governors on ground that, to extent individual officers acted in representational capacity for and on behalf of tribe, they were protected from suit by doctrine of sovereign immunity); Means v. Wilson,383 F. Sup. 378, 382 (D.S.Dakota 1974), aff'd in part, rev'd in part,522 F.2d 833 (8th Cir. 1975), cert. denied, 424 U.S. 958,96 S.Ct. 1436,47 L.Ed.2d 364 (1976)[3] (in suit against tribal council and certain of its members, tribal election board, president-elect of council and a number of tribe members alleging tribal election irregularities in violation of federal civil rights law, court notes that tribal "immunity may not be evaded by suing tribal officers"); Seneca ConstitutionalRights Organization v. George, 348 F. Sup. 48, 50 (W.D.N.Y. 1972) (in suit against tribal officials, including president of tribe, to enjoin tribe from entering into contract allegedly in violation of federal civil rights law, court notes that tribal "immunity may not be evaded by suing tribal officers"). None of these cases involves a nonofficial employee acting in a nongovernmental capacity, and no case has been found extending immunity to such an employee.
Clearly, the present action is not a case in which the plaintiff sues tribal governmental officials alleging constitutional or statutory violations. In fact, this is not a suit against tribal governmental officials at all. Therefore, the above cases and analysis pertaining to the immunity of tribal officials does not aid the court in determining the issue presently before it, namely, whether nonofficial tribal employees acting in a nongovernmental capacity may invoke the tribe's immunity from suit to bar an action in negligence.
The court finds the discussions in two Superior Court cases persuasive. First, in Drumm v. Brown, Superior Court, judicial district of Middlesex at Middletown, Docket No. 79971 (June 29, 1999, Robaina, J.), CT Page 9814 the court considered the issue of whether individual officers of a gaming enterprise owned by the Mashantucket Pequot Tribe and the chair of the tribal council were entitled to invoke the tribe's sovereign immunity. Because neither party "discussed the distinction between employees acting in a representative capacity for the sovereign, i.e., as governmental actors, versus employees acting in a non-governmental, e.g., commercial, capacity" the court ordered further briefing on the issue of "whether or not federal common law provides absolute immunity to tribal employees for negligent acts performed with the scope of their employment." Id. After considering the supplemental briefs, the court found that "[t]he defendants have failed to cite any federal statute, treaty or case that stands for the proposition that tribal employees may invoke the absolute immunity granted tribes under federal common law." Drumm v. Brown, Superior Court, judicial district of Middlesex at Middletown, Docket No. 79971 (January 10, 2000, Robaina, J.). Accordingly, the court held that "since there exists no federal law affording employees of a tribal enterprise the protection of a tribe's sovereign immunity, which would thereby divest a state court of jurisdiction, the doctrine of tribal immunity cannot provided a basis for dismissing the . . . plaintiff's complaint." Id.
Secondly, in Skowronski v. Branco, Superior Court, judicial district of Hartford at Hartford, Docket No. 572512 (February 1, 1999, Stengel, J.) (23 Conn.L.Rptr. 696), the plaintiff, a passenger in a security vehicle being driven by an employee security officer of the Mohegan Sun Resort, brought an action for injuries sustained when the security vehicle collided with the defendant's vehicle. The defendant brought an apportionment complaint against the employee security officer and the lessor of the security vehicle, who moved to dismiss the apportionment complaint on the ground of tribal sovereign immunity. The court rejected their claim, analyzing that "[a] mere relationship with an Indian tribe does not necessarily grant a party the right to assert sovereign immunity." Skowronski v. Branco, supra, 23 Conn.L.Rptr. 697. CitingOklahoma Tax Commission v. Citizen Band of Potawatomi Indian Tribe ofOklahoma, 498 U.S. 505, 514, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1990) (court has never held individual tribal agents and officers not liable for damages in actions brought by state), Puyallup Tribe, Inc. v. Dept.of Game, supra, 433 U.S. 173 (individual tribal members not entitled to assert tribal immunity), State v. Sebastian, supra, 243 Conn. 161
(unclear whether fact alone of being tribal vice-chairman has any bearing on immunity claim), and Cuprak v. Sun International Hotels, Ltd., Superior Court, judicial district of New London at Norwich, Docket No. 112045 (October 9, 1997, Handy, J.) (20 Conn.L.Rptr. 625) (nonmember Connecticut corporations that "run, supervise and maintain" casino for tribal gaming authority not entitled to assert tribal immunity), the court concluded that "[i]f tribal members, tribal officers, agents of CT Page 9815 tribes, and nonmember corporations cannot assert sovereign immunity, then a non-Indian employee of the tribe and a leasing company with a contractual relationship with the tribe cannot assert sovereign immunity." Id., 698. The court denied the motion to dismiss the apportionment complaint. Id.
In the present action, while the court does not disagree with the defendants that tribal officials, as arms of tribal government and acting in such capacity, may invoke the absolute immunity granted tribes under federal common law, the defendants have failed to cite any statute or case that stands for the proposition that tribal employees acting in a nongovernmental capacity may do so. The court thus holds that the mere employment relationship of the defendants with the Mohegan Tribe or its entities does not grant them the right to assert the Tribe's sovereign immunity. See id. "Without a clear showing that either the United States Congress or federal common law provides these defendants with a grant of absolute immunity for their allegedly negligent acts, this court cannot conclude that the federal common law that accords tribes `sovereign immunity' extends to the individually-named defendants." Drumm v. Brown, supra, Superior Court, Docket No. 79971 (June 29, 1999). "Absent such a finding, the doctrine of sovereign immunity does not oust this court of jurisdiction." Id. Moreover, "tribal sovereign immunity . . . must be asserted by the tribe itself." State v. Sebastian, supra, 243 Conn. 161. The Mohegan Tribe has not asserted immunity as it is not a party to this action.
For the above reasons, the motion to dismiss is denied.
 The Court Nadeau, J.